NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA CRUZ,

               Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant-Appellee.

No.   22-35052

D.C. No. 4:20-cv-05225-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 13, 2023[**]
Seattle, Washington

Before:  W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Patricia Cruz appeals the district court's judgment affirming the denial of

Supplemental Security Income.  "We review [the] district court's judgment de novo"

and "set aside a denial of benefits only if it is not supported by substantial evidence

---

[*]   This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citations omitted).

To establish a disability for purposes of the Social Security Act, a claimant must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, the ALJ determined that Cruz is not disabled because she is capable of performing work in the national economy. In reaching this decision, the ALJ discounted Cruz's subjective testimony based on its inconsistency with the objective medical evidence and her own prior testimony. And the ALJ found unpersuasive three medical opinions concluding that Cruz is severely limited or limited to sedentary work, because they were not supported by or consistent with the record. We affirm for the following reasons.

First, the ALJ properly found at step three that Cruz does not have an impairment, or combination of impairments, that meets or equals a listing. In reaching this conclusion, the ALJ thoroughly discussed Cruz's limitations and

medical conditions. Neither Cruz nor her attorney argued or presented evidence before the ALJ that her medical conditions equaled Listing 14.09D. *Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020). Thus, the ALJ's conclusion that Cruz was not disabled at step three is supported by substantial evidence.

Second, the ALJ provided specific, clear, and convincing reasons to discount Cruz's subjective testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Substantial evidence supports the ALJ's conclusion that the severity of Cruz's symptoms conflicts with objective medical evidence. Cruz has had largely normal psychiatric examinations, and her physical examinations have shown no injuries to her knees, ankles, or back. Moreover, the ALJ provided reasons other than the lack of supportive objective evidence to discount Cruz's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). For example, the ALJ recognized that although Cruz does suffer from chronic pain, her allegations regarding its severity are contradicted by her own reports to doctors that her medications were effective at regulating her pain. *See* 20 C.F.R. § 416.929(c)(3)(iv). Based on this record, the ALJ rationally and reasonably concluded that Cruz's pain is not as severe as she claims. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]."), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

3

The ALJ also reasonably discounted Cruz's testimony because it was inconsistent with her daily activities. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Cruz claimed it was "very impossible to do things," but elsewhere she explained that she cooks daily, makes decorations, takes care of her dog, regularly spends time with others, goes outside "a lot" and takes walks, drives, and goes shopping. And the ALJ reasonably discounted Cruz's testimony because her poor work history, showing she has not earned income since 2005, also implied that Cruz's medical conditions are not the cause of her current unemployment. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Third, the ALJ's decision to find three medical opinions unpersuasive was supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). Two of the medical opinions concluded that Cruz was severely limited and could not perform even sedentary work. But the opinions were cursory, had little to no support in the objective medical record, and were inconsistent with the effectiveness of Cruz's treatment plan, and more recent medical opinions. The third medical opinion indicated that Cruz could perform sedentary work and was limited in using her right arm. That too was inconsistent with the objective medical record, which showed substantially normal physical examinations and effective treatment plans, and was directly contradicted by the doctor's own chart notes, which indicated that Cruz's pain control regimen is effective and that she is able to function on

4

medications. Based on the lack of supportability and consistency, the ALJ's decision to find these medical opinions unpersuasive was supported by substantial evidence. *Id.*

Fourth, the ALJ posed a proper hypothetical to the vocational expert based on her decisions to discount Cruz's subjective testimony and the three medical opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Because those decisions were supported by substantial evidence, the ALJ did not err at step five.

In sum, the ALJ applied the correct legal standards and supported her findings with substantial evidence. Accordingly, her step-five determination that Cruz can perform jobs in the national economy is

**AFFIRMED.**